# IN RE ARMSTRONG CORK COMPANY.

---

TRADEMARKS; DESCRIPTIVE WORDS.

The word "Nonpareil" as applied to tiles and other structures containing cork is descriptive of the character or quality of such goods, and is therefore prohibited registration as a trademark by section 5 of the Trademark Act of Congress of February 20, 1905 (33 Stat.

---

Note.—On descriptive word adopted from foreign language as subject of trademark, see note in 32 L.R.A.(N.S.) 439.

at L. 724, chap. 592, Comp. Stat. 1916, § 9490), providing that no mark consisting merely of words "which are descriptive of the goods with which they are used, or of the character or quality of such goods" shall be registered under the act (citing *Re Meyer Bros. Coffee & Spice Co.* 38 App. D. C. 520; *Worster Brewing Corp.* v. *Rueter,* 30 App. D. C. 428; and *Re New South Brewery & Ice Co.* 32 App. D. C. 591) ; and the fact that the applicant for registration has exclusively used the word as a trademark for heat-insulating materials containing cork for more than ten years prior to the passage of the Trademark Act, and has registered it under the ten-year proviso of that act, does not give it such a secondary meaning in respect of cork materials as to make it nondescriptive as to a particular class of such materials.

No. 1054.   Patent Appeals.   Submitted November 20, 1916.   Decided January 9, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents denying an application for registration of a word as a trademark.                                        *Affirmed.*

The facts are stated in the opinion.

*Mr. C. P. Byrnes* and *Mr. G. H. Parmelee* for the appellant.

*Mr. William R. Ballard* for the Commissioner of Patents.

Mr. Chief Justice COVINGTON, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in the place of Mr. Chief Justice SHEPARD, delivered the opinion of the Court:

The applicant, the Armstrong Cork Company, has appealed from a decision of the Assistant Commissioner of Patents refusing registration of the word "Nonpareil" as a trademark "for tiles, tiling for floors, wainscoting, and other structures," containing cork. The decision of the Assistant Commissioner was in affirmance of the decision of the Examiner of trademarks and designs refusing registration.

The single question presented by this appeal is whether the

word "Nonpareil" as applied to cork tiling and the like is descriptive of the character or quality of such cork tiling within the meaning of section 5 of the existing Trademark Act. "Nonpareil" is undoubtedly a fancy word. It is not an adjective in every-day use by persons to describe the superlative qualities of various articles. The Trademark Act leaves to the court, however, no judicial discretion to determine when an English word, which is in fact descriptive, is sufficiently understood or accepted as to be considered descriptive of the quality of certain goods by a whole people. Section 5 of the act provides broadly that no mark consisting merely of words *"which are descriptive of the goods with which they are used, or of the character or quality of such goods,"* shall be registered under the terms of this act. The word "Nonpareil" is to-day an English word. It is true that it is a combination of the two French words "non" and "pareil," but very many other words in our language have been likewise etymologically evolved. It is found in all our leading dictionaries as an adjective, and is defined as "having no equal," "of unequaled excellence," and "of unrivaled excellence." It is therefore unquestionably an English word descriptive of such quality as might well want to be claimed by any manufacturer of cork tiling.

This court affirmed a decision of the Commissioner of Patents, holding that the word "Trophy," associated with a picture of a loving cup, as a trademark for coffee, was descriptive and therefore not entitled to registration, because intended to indicate that the goods were of a superior quality. *Re Meyer Bros. Coffee & Spice Co.* 38 App. D. C. 520. The word "Sterling" as a trademark for ale was also held descriptive and declared unregistrable. *Worster Brewing Corp.* v. *Rueter,* 30 App. D. C. 428. Likewise unregistrable was said to be the word "Crystal" as applied to beer. *Re New South Brewery & Ice Co.* 32 App. D. C. 591. These cases are in full harmony with the other decisions of this court since the existing Trademark Act became law.

The applicant urges, however, that having been in exclusive use of the word "Nonpareil" as a trademark for heat-insulating

materials containing cork, for more than ten years prior to the passage of the Trademark Act of February 20, 1905, registration has already been had for it under the section of that act known as the "ten-year proviso," and that by reason of the large exclusive use of such trademark, "Nonpareil," in interstate and international commerce as applied to heat-insulating materials, the mark, even if it can be considered abstractly as a descriptive word, has in fact acquired a secondary meaning in respect of cork materials as simply designating such goods as the applicant's. The Trademark Act cannot be expanded so as to permit a descriptive word to be registered. To permit such a construction would be to say that a clearly descriptive word, registered as a trademark on certain particular goods of an applicant, would begin to acquire such a secondary, and nondescriptive meaning, as to be registrable for all classes of similar goods which in years thereafter might be produced by the same applicant. That would entirely nullify the clear legislative intention as to the ten-year proviso.

The decision will be affirmed, and this decision certified to the Commissioner of Patents.                          *Affirmed.*